UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LAUCETTA MCMURRY** | * | **CIVIL ACTION NO. 10-1185** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

**Background & Procedural History**

Laucetta McMurry protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on September 26 and 24, 2008, respectively. (Tr. 69-73, 9). She alleged disability as of June 3, 2008,[1] because of debilitating back pain; demeylinating peripheral neuropathy; abdominal hysterectomy, with complications; severe migraines; right carpal tunnel syndrome; left lumbar radiculopathy; absent long latency F Wave response; Left Radial Sensory Neuropathy; Right thigh numbness; and H-

---

[1] However, the Commissioner amended her onset date to January 1, 2007 because he deemed the sporadic nature of her prior jobs as unsuccessful work attempts. *See* Tr. 106, 113-115.

reflex responses absent.  (Tr. 104).  The claims were denied at the initial stage of the administrative process.  (Tr. 37-43).  Thereafter, McMurry requested and received an April 2, 2009, hearing before an Administrative Law Judge ("ALJ").  (Tr. 24-36).  However, in an October 14, 2009, written decision, the ALJ determined that McMurry was not disabled under the Act, finding at Step Four of the sequential evaluation process that she was able to return to her past relevant work as a sales clerk and girl's home worker.  (Tr. 6-22).  McMurry appealed the adverse decision to the Appeals Council.  On May 19, 2010, however, the Appeals Council denied McMurry's request for review; thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 1-3).

On July 23, 2010, McMurry filed the instant pro se complaint for judicial review of the Commissioner's final decision.  Following delays for submission of the administrative transcript and supporting memoranda, the matter is now before the court.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401.  Substantial evidence lies somewhere between a scintilla and a preponderance.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial

evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

> (3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
>
> (4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.
>
> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

**I.     The ALJ's Decision**

The ALJ determined at Step One of the sequential evaluation process that although McMurry had worked at several jobs since the alleged onset date, they were unsuccessful work attempts. (Tr. 11-14). Accordingly, he concluded that she had not engaged in substantial gainful activity during the relevant period. *Id*. At Step Two, he found that McMurry suffers severe impairments of peripheral neuropathy with absent H-reflex; migraine headaches; chronic low back pain of unknown etiology; and mild right carpal tunnel syndrome. (Tr. 13-14). He

concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id*.

The ALJ then determined that McMurry retains the residual functional capacity to perform the full range of light work. (Tr. 14-21). With the assistance of a vocational expert, the ALJ concluded at Step Four of the analysis that McMurry was not disabled because her residual functional capacity permitted her to perform her past relevant work as a sales clerk and as a girl's home worker. (Tr. 21-22). The ALJ's decision is substantially supported by a May 9, 2009, consultative examination administered by Bruce Torrance, M.D., and the hearing testimony of the vocational expert. (Tr. 29-30, 253-257).

## II.    Plaintiff's Argument

In her memoranda, plaintiff asks the court to review her case and to issue a favorable decision. In connection with her request for judicial review, she submitted copies of medical records that post-date the relevant period at issue in this appeal, which extends from January 1, 2007, – her amended disability onset, through October 14, 2009, – the date of the ALJ's unfavorable decision. Plaintiff, however, does not raise any specific challenges to the sufficiency of the Commissioner's determination on the basis of the record before the Commissioner.

The court emphasizes that the instant review of the Commissioner's decision is not *de novo*; the Commissioner's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge*, 424 U.S. 319, 339, 96 S.Ct. 893, 905 n21 (1976). This court may not reweigh the evidence, try the issues anew, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994). Moreover, the court's review of the Commissioner's final decision is limited to the evidence that was before the

Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005).

Here, there is no indication that the medical records submitted by plaintiff to the court were part of the administrative record. Thus, at best, the court could remand the matter to the Commissioner for consideration of plaintiff's recently adduced evidence. However, the court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g)). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id.* (citation omitted). The evidence must also be "material"; *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Id.*

In her memoranda, plaintiff alleges that her impairments are progressing, her condition is worsening, and her daily activities are becoming more limited. (Pl. Brief & Reply [doc. #s 7 & 9]). She also alleges new diagnoses of impairments. (Pl. Reply). Indeed, the records themselves reflect that her condition is progressively worsening. *See e.g.*, June 21, 2010, Pinnacle Pain Medicine, History and Physical; Pl. Exhs. [doc. # 7-1, pgs. 11-13] Thus, if anything, plaintiff's proffered evidence is indicative of no more than a "later-acquired disability or . . . the subsequent deterioration of the previously non-disabling condition." *Haywood v. Sullivan*, 888 F.2d 1463, 1471-1472 (5th Cir. 1989) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)). Plaintiff also has not suggested any explanation for her failure to incorporate the "new" evidence into the medical record. *Pierre, supra* (good cause for remand is not met unless plaintiff provides proper explanation to excuse her failure to submit the

evidence earlier). "[T]he mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre*, 884 F.2d at 803 (citation omitted).

In sum, plaintiff has neither established that the post-decision evidence is material, nor demonstrated good cause for failing to incorporate the evidence into the administrative record. *Pierre, supra*.[2] Accordingly, plaintiff is not entitled to remand. *Id*.

For the foregoing reasons, the undersigned finds that the Commissioner's determination that McMurry was not disabled under the Social Security Act, is supported by substantial evidence and remains free of legal error. Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny disability benefits be **AFFIRMED**, and that this civil action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

---

[2] Although plaintiff's evidence may form the basis for a new claim, *Johnson*, 767 F.2d at 183, it appears that at least as of the time that she filed the instant suit (and for up to 12 months before that), she has been engaged in substantial gainful activity. The regulations provide that if the claimant is working and the work constitutes "substantial gainful activity," then the Commissioner will find the claimant not disabled, *regardless of the claimant's medical condition*, *etc*. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is defined as work that involves significant and productive physical or mental duties, and that is done (or intended) for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. Generally, if the claimant worked for substantial earnings, then the Commissioner will find that she is able to perform substantial gainful activity. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). For 2010-2011, the minimum monthly earnings that presumptively establish substantial gainful activity is $1,000. *See* http://www.ssa.gov/oact/cola/sga.html.
   According to plaintiff's motion for leave to proceed in forma pauperis that she filed in connection with the instant complaint, she was "presently" employed as a Teacher Assistant, with the Arlington Independent School District, and had earned wages of $13,304.28 for the past twelve months. (Appl. To Proceed IFP [doc. # 2]). Moreover, as of March 2011, she continues to work eight hours, every day. (Pl. Reply [doc. # 9]). Plaintiff's monthly earnings indicate that she is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2).

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 28th day of July 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE