

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LAUCETTA MCMURRAY | CIVIL ACTION NO. 10-1185 |
| VERSUS | HON. ROBERT G. JAMES |
| SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Reconsideration [Doc. No. 12] filed by Appellant Laucetta McMurray ("McMurray").

On September 24 and 26, 2008, McMurry filed applications for Title XVI Supplemental Security Income and Title II Disability Insurance Benefits payments. She alleged disability as of June 3, 2008 (although the Commissioner later deemed her onset date to be January 1, 2007), because of debilitating back pain; demeylinating peripheral neuropathy; abdominal hysterectomy, with complications; severe migraines; right carpal tunnel syndrome; left lumbar radiculopathy; absent long latency F Wave response; Left Radial Sensory Neuropathy; Right thigh numbness; and H-reflex responses absent. McMurray's claims were initially denied. She requested and received an April 2, 2009 hearing before an Administrative Law Judge ("ALJ").

In an October 14, 2009 written decision, the ALJ determined that McMurry was not disabled under the Act, finding that she failed to meet her burden at Step Four of the sequential evaluation process, which requires a showing that she was unable to return to her past relevant work as a sales clerk and girl's home worker. McMurry exhausted her administrative appeals and then filed this action on July 23, 2010.

On July 28, 2011, after briefing was complete, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 10] in which she recommended that the Court affirm the decision of the Commissioner and dismiss McMurray's petition. Objections to the Report and Recommendation were due on August 15, 2011.

On August 18, 2011, having received no objections, the Court reviewed the record, adopted the Report and Recommendation of Magistrate Judge Hayes, and dismissed McMurray's petition with prejudice.

On September 12, 2011, McMurray filed the pending Motion for Reconsideration. [Doc. No. 12]. On October 7, 2011, the Commissioner filed a memorandum [Doc. No. 14] in opposition to the Motion for Reconsideration.

Despite the title of McMurray's motion, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. After the 2009 amendments to the Rules, such a motion filed within twenty-eight (28) days of the Court's Judgment is construed as a motion to alter or amend a judgment under Rule 59(e). *See Ysais v. Richardson*, 603 F.3d 1175, 1178 & nn.2-3 (10th Cir. 2010).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*,

875 F.2d 468, 473 (5th Cir. 1989)) (modification in original). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed.1995))).

In this case, McMurray has not pointed to any manifest errors of law or fact or to newly discovered evidence to support her claim for disability for the period of January 1, 2007 (her amended onset date), through October 14, 2009 (the date of the ALJ's decision). Rather, McMurray provides evidence of her medical condition in 2011 to support her assertion that she is *currently* disabled. As Magistrate Judge Hayes noted in her Report and Recommendation, McMurray's impairments appear to be progressing, her condition appears to be worsening, and her daily activities appear to be more limited [Doc. No. 10, p. 6]. The proffered evidence may support a new claim for benefit payments with a later disability onset date if McMurray can meet the required showing, but the evidence does not support McMurray's Motion for Reconsideration of this Court's August 18, 2011 Judgment.

Accordingly, McMurray's Motion for Reconsideration is DENIED.

MONROE, LOUISIANA, this 21st day of October, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE